UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAABIR ABDULLAH,

      Plaintiff,                      Hon. Gordon J. Quist

v.                                    Case No. 1:16-cv-01294-GJQ-PJG

DONALD LAKE, et al.,

      Defendants.

_____/

## **REPORT AND RECOMMENDATION**

This is a *pro se* civil action brought by Imam Saabir Abdullah (T.D.A.).  Plaintiff lists the following defendants in the caption of his complaint: the City of Grand Rapids, the Grand Rapids Police Chief, Deputy Chief Daniel Savage, Deputy Chief David Kiddle, Lt. Mark Ostapowicz, Officer Donald Lake, the Grand Rapids City Manager, the Grand Rapids Administrative Services' Managing Director, the Grand Rapids Treasurer, the Michigan Secretary of State, the Michigan Attorney General, and the United States Attorney General.  (ECF No. 1, PageID.1-2).[1]  Plaintiff asks this Court to issue a Writ of Mandamus "compelling Donald Lake, City of Grand Rapids GRPD, [and] City of Grand Rapids to honor the Default Judgment."  (*Id.* at 4, PageID.4).[2]

---

[1] Plaintiff styled his initial pleading as a "Writ of Mandamus," but I am giving plaintiff the benefit of the doubt by liberally construing it as a complaint.

[2] I assume plaintiff is referring to the Grand Rapids Police Department, but he has not named that entity as a party defendant.

The Court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. (ECF No. 3). Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any action brought *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see Davis-Bey v. Michigan*, No. 14-12167, 2014 WL 2746086, at *1 (E.D. Mich. June 17, 2014).

## Discussion

## I.   Factual Allegations

Plaintiff states that he is of "The Abdullah Nation," and he identifies himself as "Aboriginal Indigenous Moorish-American; possessing Free-hold by Inheritance and Primogeniture Status; standing squarely Affirmed, aligned and bound to the Zodiac Constitution." (*Id.*, PageID.2). The complaint is largely gibberish with a hodgepodge of citations to nineteenth century treaties that were purportedly entered into between the United States and Morocco. (*Id.*, PageID.2-3).

I can discern no rational statement of any claim against any of the named defendants. Plaintiff has attached several "Exhibits" to the complaint, one of which appears to be a report of Officer Lake regarding a November 25, 2014, encounter he had with plaintiff. (ECF No. 1-1). According to the report, the officer questioned plaintiff about a "weed whipper and live trap" plaintiff was carrying on a public street. (*Id.*). After questioning plaintiff and checking his identification, the officer allowed plaintiff to leave. (*Id.*).

Plaintiff apparently filed a complaint against Officer Lake with the Grand Rapids Police Department Civilian Appeals Board. (*See* ECF No. 1-3). Plaintiff attaches a copy of a letter from the Assistant City Attorney, dated March 30, 2015, indicating that she enclosed the Board's decision "affirming the conclusion reached by the Internal Affairs Unit relative to your complaint.:" (ECF No. 1-3). Plaintiff does not provide a copy of his complaint to the Board, nor does he provide a copy of the Board's decision.

More significantly, plaintiff does not identify the Court that purportedly issued the "Default Judgment," much less does he identify the case in which it was purportedly entered. There appears to be nothing in the complaint that provides a jurisdictional or factual basis for this Court to grant the relief he seeks.

## II. Failure to State a Claim

A complaint that fails to allege " 'enough facts to state a claim to relief that is plausible on its face' " must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79). "[T]he tenet that a court

must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In applying these standards, the court must read plaintiff's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's factual allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that the Court dismiss plaintiff's complaint for failure to state a claim.

Plaintiff has failed to plead facts sufficient to state a claim on which relief can be granted against any defendant. Conclusory allegations and legal conclusions masquerading as factual allegations are insufficient to sustain a claim. *See In re Omnicare, Inc Sec. Litig.*, 769 F.3d 455, 469 (6th Cir. 2014); *see also Sanford v. Jail*, No. 2:16-cv-11311, 2016 WL 4475019 (E.D. Mich. Aug. 25, 2016); *Blackmun v. Michigan*, No. 1:16-cv-374, 2016 WL 2865577 (W.D. Mich. Apr. 25, 2016).

## Recommended Disposition

For the foregoing reasons, I recommend that plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted.

Dated: September 20, 2016    /s/ Phillip J. Green
               United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).